IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MELVIN GOLDEN | § | |
| VS. | § | CIVIL ACTION NO. 5:18cv127 |
| WARDEN, FCI TEXARKANA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Melvin Golden, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed a motion to stay the proceedings in this action (docket entry no. 4). Liberally construed, petitioner's motion to stay is interpreted as objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes petitioner's objections should be overruled. The magistrate judge properly determined that petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416

F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Additionally, because petitioner was convicted in the Western District of Tennessee, this court is without jurisdiction to entertain a motion filed pursuant to 28 U.S.C. § 2255.

In his motion to stay, petitioner requests to stay the proceedings in this action so he may file a motion for change of venue with the court of conviction in Tennessee. Petitioner believes this would allow this Court to have jurisdiction over his § 2255 motion to vacate, set aside or correct sentence. While Rule 20 of the Federal Rules of Criminal Procedure allows the transfer of a prosecution between districts in certain instances when an indictment or information is pending, there is no mechanism for a convicting court to transfer jurisdiction for a § 2255 motion after conviction. *See* FED. R. CRIM. P. 20; 28 U.S.C. § 2255(a) (a prisoner may move the court which imposed the sentence to vacate, set aside or correct the sentence). Accordingly, petitioner's motion to stay proceedings is without merit and should be denied. Therefore, this petition should be dismissed.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. It is further ordered that petitioner's motion to stay is Denied.

**So ORDERED and SIGNED this 27th day of February, 2019.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE